**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELA PEOPLES, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONARCH RECOVERY MANAGEMENT, INC.,<br><br>Defendant. | : | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br>NO. 2:26-cv-04831-WB |

**JOINT REPORT OF RULE 26(f) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on August 7, 2026, and submit to Chambers the following report of their meeting for the Court's consideration. Andrew Roman Perrong, Esquire, participated on behalf of Plaintiff Angela Peoples and the proposed class. Brit J. Suttell, Esquire, participated on behalf of Defendant Monarch Recovery Management, Inc.

## 1. Discussion of Claims, Defenses, and Relevant Issues

### *A. Plaintiff's Factual Contentions*

Plaintiff Angela Peoples contends that Defendant Monarch Recovery Management, Inc., a debt collection agency, placed calls to her cellular telephone number in July 2024 using a prerecorded voice advising that an agent would join the call shortly and that no live person was on the line when that message played. Plaintiff contends that she has never been a customer of Defendant, never furnished her telephone number to Defendant, and never consented to receive calls from Defendant, and that Defendant was attempting to reach some other person. On that basis, Plaintiff asserts a single claim under 47 U.S.C. § 227(b)(1)(A)(iii) on her own behalf and on behalf of a proposed nationwide class of persons who were called on cellular telephone numbers

not belonging to Defendant's customers or accountholders and in connection with which an artificial or prerecorded voice was used.

### *B. Defendant's Factual Contentions and Defenses*

Defendant denies the allegations of Plaintiff's Complaint that it used an artificial or pre-recorded voice to call her.

### *C. Areas of Agreement*

Although the parties disagree as to the legal significance of the facts set out below, they were able to reach agreement at the conference on several points that materially narrow the scope of the dispute:

(i) Defendant placed the calls at issue through a calling platform, and the parties do not dispute the general architecture of that platform.

(ii) The platform was configured such that, upon a call being answered, the recipient may be presented with hold music and, if the call had not been transferred to a live agent within approximately seven seconds, a prerecorded message of the general character described in the Complaint might then have played.

(iii) A call recipient whose call was transferred to a live agent before that interval elapsed would not have heard the prerecorded voice message but instead music only, while a call recipient who remained on the line beyond that interval would have.

(iv) The parties agree that Plaintiff and other members of the proposed class would have a claim under the TCPA to the extent they can demonstrate that they remained on hold for longer than the approximately seven-second interval described above and heard an artificial or pre-recorded voice.

### *D. Threshold Issue*

The threshold issue in this case is whether Plaintiff, and, if so, which other members of the proposed class, received a call on which the prerecorded message actually played. That question turns on how long each call remained connected before it was transferred to a live agent.

The parties identified at the conference an evidentiary complication that bears directly on the scope and duration of discovery. Plaintiff is not in possession of any recording of the calls she

received. Defendant's call recordings, as the parties presently understand them, do not capture the opening portion of a call. Rather, they begin either at the point at which the call is transferred or at the point at which the agent answers. Neither party, therefore, presently possesses direct audio evidence of the subject calls. The parties anticipate that this gap will need to be addressed indirectly, through analysis of Defendant's and third parties' calling records, including call duration, talk time, connect and transfer timestamps, and related duration fields, and, where recordings exist, by comparing the length of a recording against the total duration of the corresponding call. The parties further anticipate that some degree of testing or sampling of the records may be required in order to establish what the records reflect and to reconstruct the relevant call intervals.

### *E. Primary and Legal Issues*

The parties believe the primary issues in this case, including those on which discovery will be required, are as follows:

(a) Whether Plaintiff and members of the proposed class received calls on which an artificial or prerecorded voice was in fact delivered;

(b) Whether, as a matter of law, a system programmed to deliver a prerecorded message after a fixed interval possesses the present capacity to deliver an artificial or prerecorded voice, and whether the use of such a system violates the plain text of 47 U.S.C. § 227(b)(1)(A)(iii) even as to calls transferred before that interval elapsed — a question on which the parties disagree and which they expect to present to the Court on a dispositive motion;

(c) Whether Defendant's calling records and those of its vendors permit class members to be identified on a class-wide basis by reference to call duration and related data;

(d) Whether Defendant had consent to place the calls at issue, and whether consent can be adjudicated on a class-wide basis;

(e) Whether the requirements of Federal Rule of Civil Procedure 23 are satisfied as to the proposed class; and

(f) Whether any violation was knowing or willful for purposes of 47 U.S.C. § 227(b)(3).

### *F. Information Each Party Requires in Discovery*

Plaintiff requires discovery concerning the identity, configuration, and operation of the calling platform or platforms used by Defendant during the class period, including any audio file or files at issue and the parameters governing the hold interval; Defendant's calling records for the class period, including all duration, disposition, and timestamp fields, together with a key describing those fields; Defendant's call recording and data retention practices; Defendant's agreements and communications with its calling platform vendors; records bearing on consent; records from Defendant's telephone provider; and Defendant's policies and procedures concerning TCPA compliance. Plaintiff anticipates that this discovery must be taken early in the period so that the threshold issue can be evaluated before the parties incur the expense of full class and merits discovery.

Defendant requires discovery related to the calls received by the Plaintiff, any consent that the Plaintiff may have supplied to either Defendant or its client, the adequacy of Plaintiff as a class representative, whether Plaintiff actually heard any artificial or prerecorded voice.

***G. Third-Party and Expert Discovery***

The parties anticipate that third-party discovery will be necessary, including subpoenas under Rule 45 to Defendant's calling platform vendors and to the carriers serving Plaintiff's and class members' telephone numbers, in order to obtain and interpret the underlying call detail records. The parties further anticipate that expert analysis will be required to evaluate those records, to determine what the duration fields reflect, and to assess whether the records can be used to identify calls on which the prerecorded message played. The volume of that data, the involvement of third parties, and the need for expert review are the principal reasons the parties propose the discovery period set out in Section 3 below.

***H. Likely Motions and Their Timing***

The parties anticipate that Plaintiff will move for class certification and that one or both parties will move for summary judgment, including on the legal questions identified above. The parties anticipate that Daubert motions may be filed with respect to the expert testimony described above. The parties will confer in good faith before filing any discovery motion and will seek the Court's guidance in accordance with its practices and procedures before doing so. The proposed timing of these motions is reflected in the schedule set out in Section 3.

## 2. Initial and Informal Disclosures

The parties have agreed to serve written initial disclosures under Federal Rule of Civil Procedure 26(a)(1) addressing each of the categories set out in Rule 26(a)(1)(A)(i) through (iv). Plaintiff served her initial disclosures on August 23, 2026. As of the date of this report, Defendant's counsel is awaiting consent of the Initial Disclosures to provide to Plaintiff and has asked Defendant's representative several times for such consent. Self-executing discovery has not been delayed pending the Rule 16 Conference.

In addition to the disclosures required by the Rule, and in order to permit the threshold issue described above to be evaluated as efficiently as possible, the parties have agreed to stipulate that discovery produced in other litigation against Defendant and currently in Plaintiff's counsel's possession shall be usable in this matter. The parties will continue to confer regarding additional categories of information that may be exchanged informally.

## 3. Formal Discovery

Formal discovery will proceed by way of interrogatories, requests for production, and requests for admission, subpoenas to third parties, including to Defendant's calling platform vendors and to telecommunications carriers, and depositions of fact witnesses and of corporate designees under Rule 30(b)(6).

The parties do not propose that discovery be formally bifurcated between class and merits issues. The parties agree that, given the volume of calling data at issue, the need for third party discovery from vendors and carriers, the anticipated expert analysis and examination of the call records, and the class nature of the dispute, a fact discovery period of between 120 and 180 days will be required. The parties jointly propose a period of 180 days measured from the Rule 16 Conference. The parties do not presently believe it is necessary to exceed the numerical limits on interrogatories or depositions provided for in the Federal Rules of Civil Procedure, but they reserve the right to seek a stipulation or leave of Court should the number of third-party witnesses make that necessary.

The parties respectfully propose the following schedule:

| **Event** | **Proposed Deadline** |
|---|---|
| Service of Rule 26(a)(1) initial disclosures | August 24, 2026 |
| Motions to join additional parties or amend the pleadings | 60 days after the Rule 16 Conference |
| Substantial completion of document and call-data production | 90 days after the Rule 16 Conference |
| Service of Rule 45 subpoenas on third parties | 120 days after the Rule 16 Conference |
| Close of fact discovery | 180 days after the Rule 16 Conference |
| Affirmative expert reports | 30 days after the close of fact discovery |
| Rebuttal expert reports | 75 days after the close of fact discovery |
| Supplemental expert reports | 105 days after the close of fact discovery |
| Close of expert discovery | 150 days after the close of fact discovery |
| Motion for class certification | 45 days after the close of expert discovery |

| Event | Proposed Deadline |
|---|---|
| Opposition to class certification | 30 days after the motion is filed |
| Reply in support of class certification | 14 days after the opposition is filed |
| Dispositive motions and any Daubert motions | 45 days after the close of expert discovery |

## 4. Electronic Discovery

The parties anticipate that electronic discovery will be significant in this case and will consist principally of structured calling data, dialer and platform logs, audio recordings, and vendor communications. The parties do not currently anticipate needing a stipulated protocol governing the production of electronically stored information and are amenable to entry of the Court's standard order should it be necessary.

## 5. Expert Witness Disclosures

The parties agree that expert reports should be exchanged on a simultaneous basis. The parties propose that they serve their affirmative expert disclosures and reports 30 days after the close of fact discovery; that the parties serve rebuttal expert disclosures and reports 45 days thereafter; and that any supplemental reports be served 30 days after that. Expert depositions would then be completed within the following 45 days, as reflected in the schedule above.

The parties anticipate that expert testimony will address the interpretation and analysis of call detail records and dialer data; the operation and configuration of the calling platform; and the feasibility of identifying class members from the available records. Any *Daubert* motions will be filed on the schedule set out in Section 3.

## 6. Early Settlement or Resolution

Counsel discussed the possibilities for promptly settling or resolving this case at the Rule 26(f) conference, and each has reviewed Local Rule 53.3. Counsel for each party advised his or

her respective client of the alternative dispute resolution options available, including the Court's ADR programs under Local Rule 53.3, a settlement conference before a Magistrate Judge, and private mediation before a mediator experienced in TCPA class litigation.

The parties do not believe the case is presently postured for productive mediation, because the threshold factual questions described in Section 1 above remain unresolved and materially affect the value and scope of any class wide resolution. The parties have agreed, however, that they are prepared to mediate on a class basis once that threshold predicate is established. The parties therefore propose that they revisit the prospect of mediation after the substantial completion of document and call data production, and that they report to the Court at that time as to whether a referral to mediation or to a Magistrate Judge for a settlement conference would be productive.

## 7. Trial Date

The parties expect to be prepared for trial approximately 60 days after the Court's resolution of class certification and any dispositive motions, which under the schedule proposed above the parties presently estimate would fall in or about the first quarter of 2028. The parties presently estimate that trial would require approximately three to five days. The parties do not request a date certain at this time, but will advise the Court promptly if circumstances change.

## 8. Other

The parties discussed and agreed on the following additional matters at the Rule 26(f) conference:

(a) Preservation. Each party has taken steps to preserve documents and electronically stored information potentially relevant to this action.

(b) Protective Order. The parties anticipate that discovery may involve confidential business information and the personal information of non-parties, and will submit a proposed stipulated protective order for the Court's consideration.

(c) Third-Party Discovery. The parties recognize that the schedule proposed above depends in part on timely responses from third-party vendors and carriers, and will

promptly advise the Court if third-party delays require an adjustment to the schedule.

Date: September 4, 2026

Respectfully submitted,

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PERRONG LAW LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529
Facsimile: 888-329-0305
a@perronglaw.com

*Counsel for Plaintiff and the Proposed Class*

Respectfully submitted,

/s/ Brit J. Suttell
Brit J. Suttell, Esq.
Barron & Newburger, P.C.
1455 NW Leary Way, Suite 400
Seattle, WA 98107
Phone: 484-999-4232
britjsuttell@bn-lawyers.com

*Counsel for Defendant*